IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID WAYNE CALDWELL                                                                          PLAINTIFF

        v.                    Civil No. 2:15-cv-2110-PKH-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David Caldwell, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**  **Procedural Background:**

Plaintiff filed his applications for DIB and SSI on July 12, 2000, alleging an amended onset date of August 1, 2010,[1] due to back problems and diminished hearing. (Tr. 32, 126-137, 171-172, 182, 192-193, 410) On May 9, 2012, an Administrative Law Judge ("ALJ") issued an unfavorable decision. (Tr. 11-23) On April 22, 2014, this Court remanded the case for further consideration of the Plaintiff's RFC. (Tr. 429-298) On February 4, 2015, the ALJ conducted a supplemental hearing. (Tr. 431-456) Plaintiff was present and represented by counsel, Susan Brockett.

---

[1] Plaintiff amended his original onset date of December 2 2008, due to the receipt of unemployment benefits through July 2010. (Tr. 32, 410)

At the time of the supplemental hearing, Plaintiff was 56 years old and possessed a high school education and Vocational-Technical training as a power line technician. (Tr. 126, 422, 462, 466) He had past relevant work ("PRW") experience in the oil industry as a driller, derrick worker, tool chaser, and lineman. (Tr. 164-170, 183, 422)

On May 6, 2015, the ALJ issued an unfavorable decision, noting that the Plaintiff was found disabled as of May 8, 2013, pursuant to a subsequent application for benefits. Between August 1, 2010 (Plaintiff's amended onset date) and May 7, 2013, the ALJ found that Plaintiff's disorder of the lumbar spine and diminished hearing were severe, but he concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 413) He then determined Plaintiff could perform light work involving occasional climbing of ramps and/or stairs, balancing, stooping, kneeling, crouching, and crawling and no climbing of ladders, ropes, or scaffolds or performing work requiring fine hearing. (Tr. 415) With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a screwdriver operator, extrusion press operator, and routing clerk/router. (Tr. 16-17)

The Appeals Council denied the Plaintiff's request for review on May 12, 2015. (Tr. 1-3) Subsequently, Plaintiff filed this action. (ECF No. 1) This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13)

## II.     **Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We

must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. A disability claimant has the burden of establishing his or her RFC. *Vossen,* 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

This matter was previously remanded for reconsideration of the assessments and consultative examinations of orthopedists, Drs. Danny Silver and Ted Honghiran. More specifically, the ALJ was directed to reconsider the sitting, standing, and walking limitations they assessed. On remand, the ALJ reconsidered the aforementioned assessments, but dismissed both because he found them to be internally inconsistent and inconsistent with the overall record

4

evidence. In so doing, however, the ALJ failed to follow the mandate of this Court, which was to specifically consider the sitting, standing and walking limitations they imposed.

While we do note the alleged inconsistencies between the doctors' physical examination notations and the RFC assessments completed, we also note that both doctors are orthopedic speacialists, and both doctors actually examined the Plaintiff. *Brown v. Astrue*, 611 F.3d 941, 953 (8th Cir. 2010) (giving greater weight to the opinion of a specialist about medical issues in specialty area than to opinion of non-specialist). And, as stated in our prior opinion, both physicians limited the Plaintiff's sitting, standing, and walking beyond the parameters of light work. Dr. Silver limited the Plaintiff to sitting for three hours and standing and walking for two hours each per eight-hour workday. (Tr. 390-394, 405-406) Dr. Honghiran concluded Plaintiff could sit for 4 hours and stand and walk for two hours each per eight-hour workday. (Tr. 395-403)

The record does contain two additional RFC assessments that were prepared by non-examining consultants. On September 2, 2010, Dr. Jonathan Norcross reviewed Plaintiff's records and concluded Plaintiff could perform a full range of light work. (Tr. 338-345) Dr. Jerry Thomas affirmed this decision on November 1, 2010. (Tr. 348) However, these assessments predate Plaintiff's MRI. In May, 2011, an MRI of the Plaintiff's spine revealed the following: small posterior osteophyte formation at the L3-L4 level with associated disk bulge and mild right neural foramina; mild posterior osteophyte formation at the L4-L5 level with associated mild diffuse disk bulge and mild to moderate bilateral neural foramina, right more than left; and, small osteophyte formation at the L5-S1 level with mild diffuse disk bulge and moderate to moderately severe bilateral neural foramina secondary to osteophyte formation. (Tr. 366-367, 735-736)

The ALJ specifically noted that the non-examining consultants' opinions were entitled to little weight because they predated the MRI; however, he relied on them to conclude the Plaintiff

could perform light work. It also appears that he chose occasional limitations with regard to climbing of ramps and/or stairs, balancing, stooping, kneeling, crouching, and crawling, and no climbing of ladders, ropes, or scaffolds or work requiring fine hearing as a compromise between Dr. Honghiran's assessment of frequent limitations in these areas and Dr. Silver's assessment of severe limitations. Unfortunately, the ability to perform light work requires the ability to stand and walk for a total of six hours out of an eight-hour workday. *See* SOCIAL SECURITY RULING 83−10. And, the record currently before this Court does not make clear that the Plaintiff could do so. *See Finch v. Astrue*, 547 F. 3d 933, 937-938 (8th Cir. 2008) (ALJ must not substitute his opinions for those of the physician). Accordingly, the Court finds remand is again necessary to allow the ALJ to reconsider the Plaintiff's ability to stand and walk.

On remand, the ALJ is directed to recontact Drs. Silver and Honghiran, asking them to provide the objective bases for the exertional and postural limitations they imposed. Further, we note that the relevant time period in this case is from August 1, 2010, until May 7, 2013, as the Plaintiff was awarded benefits based on a subsequent application for benefits as of May 8, 2013. Thus, it would be futile to order any additional consultative examinations. Therefore, on remand, the ALJ is directed to forward all of the medical evidence dated during the relevant time period, including the explanatory statements received from Drs. Silver and Honghiran, to a medical expert. The ALJ should then call said expert to testify at a supplemental hearing regarding the Plaintiff's ability to sit, stand, walk, climb, balance, stoop, kneel, crouch, and crawl. This information should then be used by the ALJ to formulate an accurate RFC determination that can then be included in a properly phrased hypothetical question and posed to a vocational expert to determine whether the Plaintiff is capable of performing work that exists in significant numbers in the national economy.

## IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of August, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE